

**FILED**

NOV - 1 2016

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 16-1160C (Pro Se)
(Filed: November 1, 2016 | Not for Publication)

| | |
|---|---|
| DESTINY D. MASSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Keywords: Pro Se Complaint; Subject
Matter Jurisdiction; Tucker Act
Jurisdiction

## ORDER

In this action, the pro se plaintiff, Destiny Massey, alleges that Child Protective Services of Sacramento County, California violated the Fourteenth Amendment, certain rules of the State of California's courts, and a variety of provisions of state law in connection with the termination of her parental rights. She seeks an order from this Court that, among other things, requires the restoration of her parental rights and the return of her children, as well as the payment of punitive damages in the amount of $10,000,000.

For the reasons discussed below, this Court lacks jurisdiction over Ms. Massey's claims. Therefore, the Complaint is **DISMISSED** without prejudice.[1]

## DISCUSSION

The Court may raise subject matter jurisdiction sua sponte at any time. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the Court of Federal Claims 12(h)(3); see also Arbaugh, 546 U.S. at 514 (stating that "courts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party").

---

[1] Ms. Massey filed a request to proceed in forma pauperis. The Court **GRANTS** her application for the limited purpose of dismissing the complaint.

Generally, in determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Tucker Act grants the United States Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive basis for an award of damages. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating that a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

As the statute's plain language makes clear, to set forth a claim that is within this Court's Tucker Act jurisdiction, the complaint must at the very least allege that the United States or one of its agencies committed a breach of contract or violated a federal statute, regulation, or the Constitution. See 28 U.S.C. § 1491(a)(1) (granting the United States Court of Federal Claims limited jurisdiction over claims against the Federal Government). In this case, however, Ms. Massey's claims are against officials of Sacramento, California's Child Protective Services agency. Because this Court's jurisdiction is limited to claims against the United States, it lacks jurisdiction over the causes of action set forth in Ms. Massey's complaint. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (Tucker Act does not confer jurisdiction over suits brought against state and local governments or private parties).

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** without prejudice for lack of jurisdiction. The Clerk of the Court is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge